IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RANDY JENKINS, : | |
| : | |
| Plaintiff, : | |
| : | Civil Case No. |
| v. : | 7:11-cv-73 (HL) |
| : | |
| BAC HOME LOAN SERVICING, LP, : | |
| McCALLA RAYMER, LLC, : | |
| : | |
| Defendants. : | |

## ORDER

Before this Court is the Defendants' Motion to Dismiss (Doc. 13). In conjunction with this Motion to Dismiss, the Court is taking under consideration Plaintiff's Response to the Motion to Dismiss (Doc. 21), Defendants' Reply (Doc. 22), and a second Response from Plaintiff (Doc. 23).

I.  **Background**

On July 20, 2007, Plaintiff executed a Security Deed on his home ("Subject Property") in favor of non-party Countrywide Home Loans, Inc., as Lender, and Mortgage Electronic Registration Systems, Inc. ("MERS"), as Nominee, to secure a promissory note in the amount of $175,750.00. On March 2, 2010, MERS assigned its interest in the Security Deed to Defendant BAC Home Loan Servicing, LP ("BAC"). On August 18, 2010, Plaintiff received a letter from Defendant McCalla Raymer ("McCalla") notifying Plaintiff that he was in default and that a foreclosure sale of the Subject Property would take place unless the

mortgage was paid in full. A second letter was sent to Plaintiff on September 27, 2010 to the same effect.

In his version of the facts, Plaintiff contends that the assignment from Countrywide Home Loans to Defendant BAC was fraudulent. (Doc. 8, ¶¶ 16-25, 28-36.) To support this allegation, Plaintiff asserts that Defendants were participating in "foreclosure fraud," an offense that included filing false documents with the Clerk of the Superior Court of Colquitt County. (Doc. 8, ¶ 26.) Additionally, Plaintiff maintains that Defendants repeatedly harassed him to collect "alleged but nonexistent debt." (Doc. 8, ¶ 39.) Defendants deny all of these factual allegations.

Based upon these allegations, Plaintiff asserts claims against Defendants for violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (Counts I – VI), the Georgia Fair Business Practice Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.* (Count VII), the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.* (Count VIII), as well as claims for unjust enrichment, breach of implied covenant of good faith and fair dealing, conversion, libel and defamation, breach of contract, fraud and deceit, mortgage fraud and abuse (Counts IX – XVI). Plaintiff seeks compensatory damages, in addition to other relief.

II. **Standard of Review**

On a motion to dismiss, the Court must accept the factual allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." Id. at 1950. A complaint must contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

III. **Claims against Defendants**

Plaintiff has asserted a wide variety of claims against Defendants. Each of these claims is addressed below in the order in which Plaintiff alleges them in his Amended Complaint. (Doc. 8.)

a. **Counts I – VI: Fair Debt Collection Practices Act**

In Plaintiff's Amended Complaint (Doc. 8), he alleges six counts against Defendants under the Fair Debt Collection Practices Act ("FDCPA"). However,

five out of six of these charges are immediately dismissed because the FDCPA provisions are inapplicable to Defendants.

The FDCPA applies to situations where there is evidence that: (1) the plaintiff is objecting to a collection activity arising from consumer debt; (2) the defendant who is attempting to collect debt qualifies as a "debt collector;" and (3) the defendant engaged in a prohibited act or failed to perform certain requirements under the statute. Buckley v. Bayrock Mortg. Corp., No. 1:09-cv-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010). "Debt collector" means "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a.

It is well-established that mortgage servicers do not fall within the definition of debt collector. See Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 460 (11th Cir. 2009) (determining that "the act of foreclosing on a security interest is not debt collection activity for the purposes of the FDCPA."); Bentley v. Bank of Am., N.A., 773 F.Supp.2d 1367, 1371 (S.D. Fla. Mar. 23, 2011) (concluding that plaintiff's claims under the FDCPA should be dismissed because "neither Defendants are 'debt collectors' as contemplated by the statute which explicitly excludes mortgage servicing companies"); Hennington v. Greenpoint Mortg. Funding, Inc., Nos. 1:09-cv-676-RWS, 1:09-cv-962-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) (noting that "[i]t is well established that

the FDCPA applies only to 'debt collectors' and not to creditors or mortgage servicers.").

In this case, Plaintiff has not shown that either Defendant was acting as a "debt collector" within the scope of the statute. Since mortgage servicing is not considered debt collection activity, neither Defendant can be considered a "debt collector" for purposes of the FDCPA. Thus, Defendant BAC Home Loan Servicing, LP ("BAC"), a mortgage servicer, and Defendant McCalla, a law firm acting under the direction of BAC, are exempt from almost all claims under the FDCPA. Thus, Count I under 15 U.S.C. § 1692d, Count II under 15 U.S.C. § 1692e, Count III under 15 U.S.C. § 1692e(10), Count IV under 15 U.S.C. § 1692f, and Count VI under 15 U.S.C. § 1692g(b) are all barred because the FDCPA is not applicable.

Count V of Plaintiff's Amended Complaint is the only claim under the FDCPA that merits further discussion. Count V alleges a violation of section 1692f(6) of the FDCPA, which contains an exception to the definition of "debt collector" that arises in the context of foreclosure.

Under section 1692f(6), the term "debt collector" includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." Warren, 342 Fed. Appx. at 460. The statutory language in this section refers to "enforcement of security interests" as opposed to "enforcement of debts," significantly broadening the reach of this particular provision. Under section 1692f(6), a debt

5

collector, as broadly defined for purposes of this section, may not take or threaten to take a consumer's property in a non-judicial action if "(a) there is no present right to the property through an enforceable security interest, (b) there is no present intention to take possession of the property, or (c) the property is exempt from being taken." 15 U.S.C. § 1692f(6).

In this case, section 1692f(6) is broad enough to include Defendants; however, neither Defendant violated the provisions of the statute. Section 1692f(6) only forbids threats against a consumer's property if there is no enforceable security interest in the property. Here, BAC had a present interest in the property since BAC was the mortgagee and in possession of the Security Deed, and McCalla pursued foreclosure at the direction of BAC. Thus, the actions of the Defendant do not constitute violations of the FDCPA and Count Five must be dismissed.

Accordingly, none of the six counts alleged under the FDCPA contain claims upon which relief can be granted, and therefore, they are dismissed.

  b. **Count VII: Georgia Fair Business Practices Act**

Count VII of the Amended Complaint alleges that Defendants violated the Georgia Fair Business Practices Act ("FBPA"). The FBPA was created "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce." O.C.G.A. § 10-1-391(a). The statute includes a private right of action that allows individuals who are injured under the

statute to file a claim against violators to recover injunctive relief, as well as general and exemplary damages. See O.C.G.A. § 10-1-399(a).

A violation of the FBPA has three elements: (1) a violation of the Act, (2) causation, and (3) injury. Zeeman v. Black, 156 Ga. App. 82, 86-87, 273 S.E.2d 910, 916 (Ga. Ct. App. 1980). Additionally, courts have implied a reliance component into the causation element of the prima facie case under the FBPA. Id. Thus, "a claimant who alleges the FBPA was violated as a result of a misrepresentation must demonstrate that he was injured as the result of the reliance upon the alleged misrepresentation." Id.

Before analyzing the elements of the prima facie case, the applicability of the FBPA must be addressed as a threshold question. The FBPA was created by the Georgia Legislature to protect the public interest, and therefore only transactions affecting the general public are regulated under the FBPA.

> The legislature has evidenced a clear intent to limit the scope of the [FBPA] to the consumer market … Taking into consideration the legislature's express and precise language which refines and limits the scope of the [FBPA] to consumer commerce … we hold that, to be subject to direct suit under the FBPA, the alleged offender must have done some volitional act to avail himself of the channels of consumer commerce.

Zeeman, 156 Ga. App. at 83, 273 S.E.2d 910 (citing State of Ga. v. Meredith Chevrolet, 145 Ga. App. 8, 11-12, 244 S.E.2d 15 (1978)).

Based on the intent of the statute, only the unregulated consumer marketplace falls within the scope of the FBPA, not regulated areas of activity. See Chancellor v. Gateway Lincoln-Mercury, 233 Ga. App. 38, 45, 502 S.E.2d

7

799, 805 (Ga. Ct. App. 1998); Brogdon v. Nat'l Healthcare Corp., 103 F.Supp.2d 1322, 1336 (N.D. Ga. 2000).  Since the area of mortgage transactions is heavily regulated by the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Georgia Residential Mortgage Act, courts have found it appropriate to dismiss FBPA claims that allege injury based on mortgage transactions. Jackman v. Hasty, No. 1:10-cv-2485-RWS, 2011 WL 854878, at *6 (N.D. Ga. Mar. 8, 2011); Figueroa v. JP Morgan Chase Bank, N.A., No. 1:09-cv-1874-RWS, 2010 WL 4117032, at *5 (N.D. Ga. Oct. 7, 2010); Zinn v. GMAC Mortg., No. 1:05-cv-01747, 2006 WL 418437, at *4 (N.D. Ga. Feb. 21, 2006).

In this case, Plaintiff's claims all arise from a private mortgage transaction. Mortgages are heavily regulated under both state and federal law, and also do not affect the public consumer marketplace. The FBPA was only intended to provide relief to individuals who suffer harm within the context of the unregulated consumer marketplace, and therefore, Plaintiff's claims are exempt from the FBPA. As a result, Claim VII of Plaintiff's complaint must be dismissed.

### c. **Count VIII: Real Estate Settlement Procedures Act**

Count VIII of the Amended Complaint alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"). RESPA establishes certain disclosure requirements that ensure that those people responsible for servicing a federally-related mortgage loan are forthcoming with information relating to the assignment, sale, or transfer of a loan. McCarley v. KPMG Intern., 293 Fed. Appx. 719, 722 (11th Cir. 2008) (citing 12 U.S.C. § 2605(a), (b)). When a

borrower submits a "qualified written request," a written acknowledgement must be provided by the lender within twenty days, 12 U.S.C. § 2605(e)(1)(A), and a full response is due to the borrower within sixty days, 12 U.S.C. § 2605(e)(2). A "qualified written request" is a written correspondence relating to the servicing of a loan that identifies the borrower and requests information from the lender. See 12 U.S.C. § 2605e(1).

If a lender does not comply with the terms of RESPA and declines to respond to the borrower, the borrower can recover actual damages for the failure to communicate. Id. at § 2605(f). However, to recover damages, the borrower has the responsibility to present "specific evidence to establish a causal link between the financing institution's violation and their injuries." McClean, 398 Fed.Appx. at 471. The testimony of the borrower "must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a … violation occurred supports an award for compensatory damages." Id. (citing Akouri v. Fla. Dep't of Transp., 408 F.3d 1338, 1345 (11th Cir. 2005)). Without a proper allegation of the injury and damages resulting from the alleged RESPA violation, the claim will fail. Frazile v. EMC Mortg. Corp., 382 Fed. Appx. 833, 836 (11th Cir. 2010) (finding that plaintiff's failure to allege facts relevant to the necessary element of damages supported dismissal for failure to state a claim under § 2605).

In this case, Plaintiff alleges that "Defendants have violated the terms of RESPA in multiple and repeated instances, acts and conduct to the degree that it is impracticable for Plaintiff to enumerate herein each and every instance of the same." (Doc. 8, ¶ 84.) Plaintiff then goes on to recite a lengthy list of allegations that he claims are RESPA violations. These allegations include misapplication of payments, failure to credit payments to Plaintiff's account, making repeated false claims of default, falsification of mortgage balances, and foreclosing on the Subject Property when the loan was overpaid. (Doc. 8, ¶ 85.) However, none of these claims relates to a failure to communicate that signifies a violation of RESPA.

Plaintiff does allege that Defendants failed to respond to his "qualified written request," an allegation that, if true, is actionable under RESPA. (Doc. 8, ¶ 86.) Plaintiff states that "Defendant either failed or [sic] refused to respond to each of these Qualified Written Requests, and/or 'responded' in an intentionally evasive and deceptive manner by simply denying that the said account was misstated." Id. He goes on to say that "as a result of this pattern and practice of noncompliance with the servicing provisions of RESPA, Defendant is liable to Plaintiff for all actual damages in the amount of $2,500,000.00." Id. However, Plaintiff fails to establish the necessary causal link between his allegations and his claim for damages. The absence of a factual statement that demonstrates how the alleged injuries caused damages in excess of $2,500,000.00 is fatal to

Plaintiff's RESPA claim. Therefore, for reasons stated above, Count VIII must be dismissed.

### d. Count IX: Mortgage Fraud and Abuse; Wrongful Foreclosure; Unjust Enrichment; Breach of Contract; Breach of Duty and Implied Covenant of Good Faith and Fair Dealing; Conversion; Misrepresentation; Defamation; Libel; Fraud and Deceit

Count IX does not appear to be a substantive cause of action, but rather is a list of other claims made by Plaintiff in his Amended Complaint. This list of allegations is devoid of any factual application, and is merely an amalgamation of other causes of action that Plaintiff asserts against Defendants. The Court cannot discern any of the specifics upon which Plaintiff alleges the causes of action listed, and therefore, Count IX is dismissed for failure to state a claim.

### e. Count X: Unjust Enrichment

Unjust enrichment is an equitable concept that applies when there is no actual legal contract, but yet there has been a benefit conferred for which there deserves to be some compensation given to the party delivering the benefit. Renee Unlimited, Inc. v. City of Atlanta, 301 Ga. App. 254, 258, 687 S.E.2d 233, 238 (Ga. Ct. App. 2009). A claim of unjust enrichment is not a tort, but is "an alternative theory of recovery if a contract claim fails." Wachovia Ins. Servs., Inc. v. Fallon, 299 Ga. App. 440, 449, 682 S.E.2d 657, 665 (Ga. Ct. App. 2009). The elements of unjust enrichment are: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such

that it would be inequitable for the defendant to retain the benefit without paying for it. Baptista v. JPMorgan Chase Bank, N.A., 640 F.3d 1194, 1198 n. 3 (11th Cir. 2011).

In this case, Plaintiff has not only failed to plead the prima facie case for unjust enrichment, but there is also an actual legal contract in existence between the parties. Therefore, unjust enrichment is not applicable in this case and Count X must be dismissed.

    f. **Breach of Implied Covenant of Good Faith and Fair Dealing**

In contract law, "it is a well-recognized principle … that both parties are under an implied duty of good faith in carrying out the mutual promises of their contract." Tommy McBride Realty, Inc. v. Nicholson, 286 Ga. App. 135, 136, 648 S.E.2d 468, 470 (Ga. Ct. App. 2007) (citing Southern Bus. Mach. of Savannah v. Norwest Fin. Leasing, 194 Ga. App. 253, 256, 194 S.E.2d 402, 405 (1990)). Further, "[a] duty of good faith and fair dealing is implied in all contracts in [the state of Georgia]." Id. However, "there can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do." Robin v. Bellsouth Adver. & Pub. Co., 221 Ga. App. 360, 361, 471 S.E.2d 294, 296 (Ga. Ct. App. 1996) (citing Southern Bus. Mach. of Savannah, 194 Ga. App. at 256, 390 S.E.2d 402).

In this case, Plaintiff has not shown that Defendants were involved in any activity beyond the scope of their contract. Plaintiff's only factual allegations under Count XI state "Defendants have repeatedly and egregiously violated [the

implied covenant of good faith and fair dealing] in the conduct set forth herein." (Doc. 8, ¶ 90.) Plaintiff attempts to pool all of the allegations set forth in the entire complaint into his claim of a violation of the implied duty of good faith. However, the Court is not required to sift through allegations set forth in the complaint. Washington v. Dept. of Children and Families, 256 Fed.Appx. 326, 328 (11th Cir. 2007) (noting that the Eleventh Circuit "does not require the district court, or the defendants, to sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted"). The allegations listed throughout the Complaint are numerous and are unsupported except for conclusory statements. Thus, it is impossible for the Court to determine which allegations Plaintiff intends to incorporate into his claim of a breach of the implied covenant of good faith and fair dealing. Therefore, Count XI is dismissed for failure to state a claim.

    g.  **Count XII: Conversion**

Conversion is defined as "an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." Parris Prop. LLC v. Nichols, 305 Ga. App. 734, 744-45, 700 S.E.2d 848, 858 (Ga. Ct. App. 2010) (citing Williams v. Nat. Auto Sales, 287 Ga. App. 283, 285, 651 S.E.2d 194 (Ga. Ct. App. 2007) (citations, punctuation, and footnotes omitted)). The prima facie case for conversion requires a plaintiff to show that "she has title to the property, that the

13

defendant wrongfully possessed it, and that she demanded possession but the defendant refused to surrender it." Dierkes v. Crawford Orthodontic Care, P.C., 284 Ga. App. 96, 98, 643 S.E.2d 364, 367 (Ga. Ct. App. 2007).

In this case, Plaintiff claims that "Defendants have wrongfully, illegally and fraudulently converted to their own use Plaintiff's funds" and Defendants "misuse[d] and misappli[ed] … funds in Plaintiff's escrow account." (Doc. 8, ¶ 91.) However, these allegations do not establish the prima facie case for conversion. Plaintiff fails to show that Defendants were in wrongful possession, and therefore Plaintiff has not alleged a valid claim for conversion. As a result, Count XII must be dismissed.

    h. **Count XIII: Libel, Slander, and Defamation**

To establish a cause of action for defamation, "a plaintiff must submit evidence of (1) a false and defamatory statement about himself; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special damages or defamatory words 'injurious on their face.'" Chaney v. Harrison & Lynam, LLC, 308 Ga. App. 808, 811, 708 S.E.2d 672, 676 (Ga. Ct. App. 2011) (citing Lewis v. Meredith Corp., 293 Ga. App. 747, 748(1), 667 S.E.2d 716, 718 (Ga. Ct. App. 2008)). Additionally, a plaintiff must show that the statement was published. Lewis, 293 Ga. App. at 748, 667 S.E.2d 716. Publication must be proven with "evidence of the specific statement used in an allegedly defamatory communication." Id. (citing ITT

Rayonier, Inc. v. McLaney, 204 Ga. App. 762, 765, 420 S.E.2d 610 (Ga. Ct. App. 1992)).

Slander is a type of defamation and is defined as one of the following types of action:

> (1) imputing to another a crime punishable by law; (2) charging a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society; (3) making charges against another in reference to his trade, office, or profession, calculated to injure him therein; or (4) uttering any disparaging words productive of special damage which flows naturally therefrom.

O.C.G.A. § 51-5-4. As with defamation, slander requires publication. Brown v. Rader, 299 Ga. App. 606, 609, 683 S.E.2d 16, 19 (Ga. Ct. App. 2009). Publication occurs when the statement is "communicated to anyone other than the person slandered." Id.

Libel is essentially defamation in written form. It is defined as "a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." O.C.G.A. § 51-5-1(a). Publication is also an element that must be proven to demonstrate a prima facie case for libel. O.C.G.A. § 51-5-1(b).

In this case, Plaintiff has alleged that "Defendants have uttered and published false and malicious defamations of Plaintiff, expressed in print and writings, tending to injure the reputation of Plaintiff and exposing him to public hatred, contempt, or ridicule." (Doc. 8, § 92.) However, Plaintiff fails to reveal the details of these statements, and even more detrimental to his claim, Plaintiff does

15

not show evidence of any publication. Publication is vital to show defamation, libel, or slander. Without any evidence of publication, Count XIII must be dismissed for failure to state an actionable claim.

### i. Count XIV: Breach of Contract

In Georgia, the elements of a breach of contract claim are: "(1) breach and (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Norton v. Budget Rent A Car Sys., Inc., 307 Ga. App. 501, 502, 705 S.E.2d 305, 306 (Ga. App. Ct. 2010). "The breach must be more than de minimus and substantial compliance with the terms of the contract is all that the law requires." Kuritzky v. Emory Univ., 294 Ga. App. 370, 371, 669 S.E.2d 179, 181 (Ga. Ct. App. 2008).

Here, Plaintiff alleges that his breach of contract claim relates to the "repeated, unlawful and intentional misapplication of payments, the charging of unauthorized fees, … improperly using, applying, misapplying, and converting Plaintiff's escrow funds, and the imposition of the above described 'forceplaced' insurance." (Doc. 8, ¶ 93.) These allegations are insufficient to properly state a claim for breach of contract. A plaintiff must "provide more than conclusory grounds for relief." Watts, 495 F.3d at 1302. In this case, Plaintiff makes sweeping allegations with no factual information to support his claims. Plaintiff does not indicate which specific contract has been breached, nor does he provide evidence of the resultant damages. Therefore, as a result of his failure to sufficiently plead the prima facie elements of his claim, Count XIV is dismissed.

### j. **Count XV: Fraud and Deceit**

The elements in an action for fraud are: "(1) false representation by a defendant, (2) scienter, (3) intent to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by the plaintiff, and (5) resulting damages to the plaintiff." Martin v. Centre Pointe Investments, Inc., 310 Ga. App. 253, 256-57, 712 S.E.2d 638, 641 (Ga. Ct. App. 2011) (citing Potts v. UAP-GA AG CHEM, Inc., 256 Ga. App. 153, 155, 567 S.E.2d 316 (2002). According to Federal Rule of Civil Procedure 9(b), the elements of a fraud claim must be stated with particularity. FED. R. CIV. P. 9(b). "Particularity means that a plaintiff must plead facts as to time, place, substance of the defendant['s] alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." Mullinax v. United Mktg. Group, LLC, No. 1:10-cv-03585-JEC, 2011 WL 4085933, at *12 (N.D. Ga. Sept. 13, 2011) (citing Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (internal citations omitted)). This means that to state an actionable claim for fraud, the plaintiff must state the "who, what, when[,] where, and how." Mullinax, 2011 WL 4085933, at *12 (citing Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006)).

In this case, Plaintiff's fraud claim recites the basic elements of fraud, but gives no additional details to support his allegation. Plaintiff merely states that "Defendants have engaged in multiple and numerous acts of fraud and deceit … with scienter, and intention to induce Plaintiff to justifiably act or refrain from acting in reliance on Defendants." (Doc. 8, ¶ 94.) Unsupported by specific

17

allegations, Plaintiff's claim for fraud and deceit is insufficient to maintain an action upon which relief can be granted. Therefore, Count XV must be dismissed.

### k. Count XVI: Mortgage Fraud and Abuse

In Georgia, residential mortgage fraud is a criminal offense that can rise to the level of a felony. A person is guilty of residential mortgage fraud when that person:

> (1) knowingly makes any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;
> (2) knowingly uses or facilitates the use of any deliberate misstatement, misrepresentation, or omission, knowing the same to contain a misstatement, misrepresentation, or omission, during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process;
> (3) receives any proceeds or any other funds in connection with a residential mortgage closing that such person knew resulted from a violation of paragraph (1) or (2);
> (4) conspires to violate any of the provisions of paragraph (1), (2), or (3) of this Code section; or
> (5) files or causes to be filed with the official registrar of deeds of any county of this state any document such person knows to contain a deliberate misstatement, misrepresentation, or omission.

O.C.G.A. § 16-8-102. However, "the violation of a penal statute does not automatically give rise to a civil cause of action on the part of one who is purportedly injured thereby." Bates v. Novastar/Nationstar Mortg. LLC, No. 1:08-cv-1443-TWT, 2008 WL 2622810, at *7 (N.D. Ga. June 24, 2008) (citing Verdi v. Wilkinson Co., 288 Ga. App. 856, 858, 655 S.E.2d 642, 643 (Ga. Ct. App. 2007)). Specifically, section 16-8-102 does not provide a private cause of action. Bates,

2008 WL 2622810, at *7 ("Plaintiffs do not have the right to bring a criminal action based on O.C.G.A. § 16-8-102. Nor do they have the right to bring a civil action based on the cited statute.").

In this case, Plaintiff attempts to bring a civil cause of action for mortgage fraud, which is governed in Georgia under O.C.G.A. § 16-8-102, a criminal code section. Section 16-8-102 is not a proper vehicle for civil relief, and therefore Plaintiff's claim for mortgage fraud fails to state an appropriate claim. Therefore, Count XVI must be dismissed.

IV. **Conclusion**

In his Amended Complaint (Doc. 8) and his Motion to Deny Defendants' Motion to Dismiss (Doc. 21), Plaintiff asks the Court to address the question "who is the owner of the beneficial interest of the Note and Deed as related to the [Subject Property]." (Doc. 21, p. 1-2.) However, the Court finds this question inappropriate for judicial inquiry. It is the Court's responsibility to address only those claims upon which relief can be granted. Plaintiff has failed to present any actionable claims before this Court, and therefore, the Court cannot continue to investigate Plaintiff's allegations.

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 13) is granted.

**SO ORDERED,** this 29th day of September, 2011.

*s/Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr